UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-5107 FMO (AGRx) | Date | October 12, 2021 |
|---|---|---|---|
| Title | Chen Yanping v. Alejandro Mayorkas, et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Gabriela Garcia | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorney Present for Plaintiff(s): | Attorney Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**     (In Chambers) Order to Show Cause re: Proof(s) of Service

Plaintiff Chen Yanping ("plaintiff") filed a Complaint against defendants Alejandro Mayorkas, Tracy Renaud, Jennifer B. Higgins, and David M. Radel in their official capacities (collectively, "defendants") on June 21, 2021. (Dkt. 1, Complaint). On July 23, 2021, plaintiff was ordered to file proof(s) of service demonstrating service of the summons and Complaint on defendants within sixty days after the filing of the Complaint. (Dkt. 8, Case Management Order ("CMO") at 1). Plaintiff did not file a proof of service until October 5, 2021. (See Dkt. 11, Proof of Service).

Plaintiff must serve the summons and complaint in accordance with the Federal Rules of Civil Procedure. Rule 4[1] provides that "[t]o serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." Fed. R. Civ. P. 4(i)(2). "To serve the United States, a party must:

> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought – or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk – or
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the

---

[1] Unless otherwise specified, all references to "Rules" shall be to the Federal Rules of Civil Procedure.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-5107 FMO (AGRx) | Date | October 12, 2021 |
|---|---|---|---|
| Title | Chen Yanping v. Alejandro Mayorkas, et al. | | |

agency or officer.

Id. at 4(i)(1).

There are several deficiencies with plaintiff's proof of service. First, plaintiff did not serve defendants with a copy of the summons. (See Dkt. 11, Proof of Service at 3). Plaintiff must serve defendants with a copy of the summons, not just the complaint. See Fed. R. Civ. P. 4(i)(2).

Second, plaintiff must serve copies of the summons and complaint on the United States in accordance with Rule 4(i)(1). If plaintiff chooses to effect service by mail, plaintiff must send copies of the summons and complaint via registered or certified mail to the following addresses: (1) Civil Process Clerk, United States Attorney's Office, Central District of California, 300 North Los Angeles Street, Suite 7516, Los Angeles, California 90012; and (2) Civil Process Clerk, United States Attorney's Office, 555 Fourth Street, N.W., Washington, D.C. 20530.

Rule 4(m) provides that, if service of the summons and complaint is not made upon a party within 90 days of filing the complaint, a federal district court has the authority to sua sponte dismiss an action without prejudice, after notice to the plaintiff. Fed. R. Civ. P. 4(m). If, however, a plaintiff shows good cause for the failure to serve the complaint within that time frame, the court must extend the time for accomplishing service. See id.; see also Muhammed v. Dep't of Treasury, 1998 WL 986245, *3 (C.D. Cal. 1998). The burden of establishing good cause is on the party attempting service. Muhammed, 1998 WL 986245, at *4. The "good cause" exception to Rule 4(m) applies "only in limited circumstances" and is not satisfied by "inadvertent error or ignorance of the governing rules[.]" Hamilton v. Endell, 981 F.2d 1062, 1065 (9th Cir. 1992); see also Townsel v. County of Contra Costa, 820 F.2d 319, 320-21 (9th Cir. 1987) (holding that ignorance of Rule 4 is not good cause for untimely service and affirming dismissal under Rule 4(m), even though the statute of limitations had run). Although plaintiff has not made any attempt to establish good cause – probably because plaintiff believes the proof of service at issue is sufficient – the court will, sua sponte grant plaintiff additional time to effect proper service in compliance with Rule 4.

**This Order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, IT IS ORDERED THAT plaintiff shall file valid proof(s) of service no later than **November 2, 2021**. Plaintiff is cautioned that failure to timely file a valid proof of service shall result in this action being dismissed without prejudice for failure to effect service, for lack of prosecution and/or failure to comply with the orders of the court. See Fed. R. Civ. P. 4 & 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962).

Initials of Preparer _____ gga _____